HELENE N. WHITE, Circuit Judge,
concurring in part and dissenting in part.
I disagree with the majority’s conclusion that Leech presented insufficient evidence that Mayer intercepted and seized her cellphone calls to survive summary judgment.
The majority regards Leech’s assertion that Mayer intercepted her phone calls as a “bald assertion of eavesdropping” and dismisses Exhibits 19A-J on the bases that the systems have no relevance to Leech’s assertions that Mayer claimed to have used a department-issued phone as an all-purpose interception device, and that there is no evidence Mayer somehow stole the SIM card from Leech’s phone and transferred the information from it to his own phone. But Leech is not required to prove the exact mechanism by which Mayer intercepted her calls, only that he did.
Leech presented more than bald assertions. First, according to Leech, Mayer himself told Leech that he had intercepted her calls.[1] I fail to see how an allegation supported by a party’s admission constitutes a bald assertion. The majority inexplicably asserts that Leech’s accounts of Mayer’s admissions do not support her claim that Mayer actually listened to her calls. If this were a criminal case and the prosecution’s only evidence were Leech’s *415 testimony that Mayer knew facts that would have been gleaned from her conversations and in fact admitted to intercepting her phone calls, there would be no question of the sufficiency of the prosecution’s proofs. Why the testimony is insufficient in this civil case with a lesser standard of proof is a mystery.
Second, the photos in the exhibits are labelled as for illustrative purposes only; the actual systems may vary. The exhibits include photos showing that this type of equipment fits in briefcase-size carriers. These smaller systems, and systems with advances since the ads were made around 2005, could very well have relevance to Leech’s assertions.
Third, the allegation that Mayer used police equipment to intercept Leech’s calls is not implausible. On cross-examination at Mayer’s hearing before the Ohio Personnel Board of Review, Leech noted that there was a case involving use of police equipment to eavesdrop in Mansfield,[2] and testified that Mayer told her that he could listen to her telephone calls on his work phone.
In short, there was adequate evidence to withstand summary judgment on the claim of unreasonable seizure of cell-phone calls, and I would reverse the grant of summary judgment and remand that claim. In all other respects, I'join in the majority’s affirmance.

. For example, Leech’s affidavit, quoted by the majority states:
I explained that ... Defendant John Mayer admitted to me that he was intercepting my phone calls without permission from me or any other person, including those male persons that I spoke with over my phone.... Defendant John Mayer then proved to me that he had intercepted my phone calls by repeating, verbatim, the conversations that I had with the male persons I spoke to.
Leech also submitted a letter she had sent to her cell-phone service provider describing Mayer's activities and admissions:
This person is a law enforcement officer, formerly being my husband. He has told me in the past that his state issued Nextel that works as a radio broadcasting each channel (sheriff, police, state highway patrol, etc.), cell phone, and as a two way radio, can be used to listen to other people's conversations (which he has proved to me by repeating conversations.)- When I am engaged in conversation with any males I usually get an incoming call from a "private” [phone] and the caller just disconnects.

. McKinley v. City of Mansfield, 404 F.3d 418, 423 (6th Cir.2005), provides stark indication of systematic cell-phone spying in Mansfield, Ohio. The investigation there, known as "scannergate,” involved an officer's misuse of scanners to eavesdrop on citizens' cell-phone conversations. Ultimately, the investigation involved interviews of more than thirty police officers.